IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SHERRY, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Civil Action No.   11-793 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

AMBROSE, Senior District Judge.

**OPINION
and
ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 5 and 7). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 6 and 8). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 5) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 7).

**I.   BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and social security income pursuant to the Social Security Act ("Act").   On May 29, 2008, Plaintiff filed an application alleging that since January 2, 2006, he had been disabled due to attention deficit disorder; adult attention deficit hyperactivity disorder; bipolar disorder; intermittent explosive disorder; and depression.  (R. 120-133, 187).   Administrative Law Judge ("ALJ") George A. Mills, III, held a hearing on October 7, 2009.  (R. 140-168).  On October 21, 2009, ALJ Mills found that Plaintiff was not disabled under the Social Security Act.   (R. 11-21).   After exhausting

all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 5 and 7). The issues are now ripe for review.

## II.  LEGAL ANALYSIS

### A.  STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.** **WHETHER THE ALJ ERRED IN FAILING TO GIVE THE OPINIONS OF PLAINTIFF'S TREATING PSYCHIATRIST DEFERENCE**

Plaintiff argues that the ALJ erred in failing to accord "deference" to the opinions of his treating psychiatrist, Dr. Muhammad Shaikh. (ECF No. 6, pp. 4-8). The amount of "deference" is a matter of weight accorded to a treating physician's opinions.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating

>physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010).

Here, the ALJ declined to give the opinions of Plaintiff's treating psychiatrist, Muhammad Shaikh, M.D., "controlling weight." (ECF No. 4-2, p. 20). While Plaintiff does not seem to object to the fact that Dr. Shaikh's opinions were not given controlling weight, Plaintiff argues that the ALJ should have then gone on to discuss the weight he was affording to Dr. Shaikh's opinions. (ECF No. 6, pp. 7-8). After a review of the record, I find that the ALJ sufficiently discussed why he was not affording Dr. Shaikh's opinions controlling weight and did not need to state the weight in any more specific terms. (ECF No. 4-2, p. 20). For example, the ALJ noted that Dr. Shaikh's opinions were based on Plaintiff's self-reported symptoms which the ALJ found not fully credible. *Id.* Additionally, the ALJ correctly pointed out that the ultimate question of disability is a determination for the Commissioner and not the physician. *Id.* Finally, the ALJ noted that ongoing functional limitations attributable to substance use/abuse is not compensable under the Act. *Id.* Based on the same, I find the ALJ's analysis to be sufficient to support his judgment. There was no need for the ALJ to go further and discuss where on the range of "deference" Dr. Shaikh's opinions technically fell. It was sufficient that there was substantial evidence to support his conclusion that Dr. Shaikh's opinions were not given controlling weight and other evidence of record was given more weight given the "longitudinal evidence of record." *Id.* In sum, the ALJ properly discharged his duties in evaluating and weighing the opinions of Dr. Shaikh, and made findings supported by substantial evidence. Thus, I find no error by the ALJ in discounting Dr. Shaikh's opinions.

**C.   WHETHER THE ALJ COMMITTED REVERSIBLE ERROR WHEN HE FAILED TO FIND PLAINTIFF FULLY CREDIBLE AND REJECTING DR. SHAIKH'S OPINIONS BASED ON PLAINTIFF'S SELF REPORTS**

Plaintiff argues that the ALJ erred in finding that the Plaintiff was not "entirely credible." (ECF No. pp. 8-11). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975).  The ALJ must consider "the entire case record" in determining the credibility of an individual's statement.  SSR 96-7p.  The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence.  *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ found Plaintiff's statement not to be "entirely credible" and did not "fully accept the claimant's subjective statements concerning his symptoms and limitations" based on, *inter alia,* Plaintiff's work history, his criminal activity, his drug use, inconsistent medical evidence, and other relevant evidence in the record.   (ECF No. 4-2, pp. 7- 9).   After a thorough review of the record as a whole, and based on the above, I find that the ALJ did as required under SSR 96-7p.  He properly evaluated Plaintiff's statements based on the entire record as a whole and his decision was supported by substantial evidence. Thus, I find the ALJ did not err in this regard.

Plaintiff additionally argues that the ALJ improperly used Plaintiff's lack of credibility to discredit the opinion submitted by Dr. Shaikh.  (ECF No. 6, pp. 11-12).   Since I have found that the ALJ properly held Plaintiff's statements not to be "entirely credible," any report based on the same may similarly be discredited.   Therefore, I find no error in this regard.

D. **<u>WHETHER THE ALJ COMMITTED REVERSIBLE ERROR IN THE MISTREATMENT OF PLAINTIFF'S PAST SUBSTANCE ABUSE PROBLEMS</u>**

Plaintiff finally argues that the ALJ committed reversible error by failing to discuss whether Plaintiff's substance abuse is material to the determination of Plaintiff's disability.   (ECF No. No. 6, pp. 12-16).   As Plaintiff points out, the first determination that must be made is whether Plaintiff is disabled.   *Id.* at pp. 16-18; 20 C.F.R. §404.1535.   If a plaintiff is not disabled when including the effects of drugs or alcohol, then there is no need to proceed further to determine if a plaintiff would still be disabled if he/she stopped using drugs or alcohol.   *Id.*   In this case, the ALJ did not find Plaintiff to be disabled in the first instance, so there was no need to proceed to the additional analysis.   Consequently, I find no error in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SHERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No.   11-793 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 22nd day of May 2012, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 5) is denied and Defendant's Motion for Summary Judgment (Docket No. 7) is granted.

                                              BY THE COURT:

                                              s/   Donetta W. Ambrose
                                              Donetta W. Ambrose
                                              United States Senior District Judge